THE UNITED STATES, APPELLANTS, *v*. CHRISTIAN ROSELIUS, ABIAL D. CROSSMAN, WILLIAM E. LIVERIDGE, FRANCOIS B. D'AUTUIN, BENJAMIN C. HOWARD, JOHN SPEAR SMITH, BRANTZ MAYER, JOHN GIBSON, AND R. R. GURLEY, EXECUTORS OF JOHN McDONOGH, DECEASED.

Where a party claimed title to a tract of land in Louisiana, under a judicial sale in 1760, and alleged that he and those under whom he claimed, had been in peaceable possession ever since the sale, a case of perfect title is presented which is not within the jurisdiction of the District Court, under the acts of 1824 and 1844.

Upon the sufficiency of the evidence to sustain the title, no opinion is expressed.

THIS was an appeal from the District Court of the United States for the Eastern District of Louisiana.

The case is fully stated in the opinion of the court.

It was argued by *Mr. Cushing*, (Attorney-General,) for the United States.

Mr. Chief Justice TANEY delivered the opinion of the court.

This is an appeal from the decrée of the District Court for

the Eastern District of Louisiana, in a proceeding instituted in that court by John McDonogh, in his lifetime, to try the validity of his claim to certain land mentioned in his petition. The proceeding was under the acts of 1824 and 1844.

The petition was presented on the 15th of June, 1846, and sets forth that he has a good and valid title to a tract of land in the parish of Jefferson, near the city of New Orleans, and on the same side of the river Mississippi, commencing at a distance of eighty arpens from the river, and running back or in the rear from thence, with the continuous lines of the front tract of twenty-one arpens on the river, a distance of about forty-nine and one third arpens in depth, until one of the side lines intersects with the other in a point, including about one hundred and seventy-seven and one third superficial arpens. That said tract of land is a portion of a larger tract which was adjudicated and sold on or about the 17th of April, 1760, to De Pontalba, by order of the highest tribunal of the government of France, in Louisiana, called the Supreme Council of the province of Louisiana, by Charles Marie Delalande Dapremont, Counsellor and Assessor of the Supreme Council of the Province, and Attorney-General of the King of France for said Province of Louisiana; that said sale and adjudication by the order and authority aforesaid, is fully equivalent to a patent to said land; the Supreme Council of the Province being at the head of the land-office, granted the lands and issued the patents; that after passing through various mesne conveyances, the petitioner finally acquired said tract of land; that his title and claim had been presented and proved before the Board of Land Commissioners, who reported that it ought to be confirmed, but the said report was never acted on by Congress; and that said tract of land has always been in the peaceable and undisturbed possession and enjoyment of the petitioner, and those under whom he derives his title, ever since the date of the original grant thereof. The petitioner therefore prays confirmation.

These are the facts stated in this petition; and if they are true, the District Court had no jurisdiction of the case, and no right to pronounce judgment upon the validity of the title. The acts of 1824 and 1844, authorize a proceeding of this kind in those cases, only where the title set up is imperfect, but equitable. It has been repeatedly so held by this court, and was so decided in the case of the United States v. Moore, 12 Howard, 209; and again in the case of the United States v. Pillerin and others, 13 Howard, 9, as well as in other cases to which it is unnecessary to refer. Indeed the words of the act of 1824, conferring this special jurisdiction on the District Courts, appear to be too plain for controversy.

Now 'the title set up by the petitioner is a complete legal title; and if he can establish the facts stated in his petition his title is protected by the treaty itself, and does not need the aid of an act of Congress to perfect or complete it. For undoubtedly, if the possession of the land has been held continually by the petitioner and those under whom he claims, under the judicial sale made by the French authorities in 1760, the legal presumption would be that a valid and perfect grant had been made by the proper authority, although no record of it can now be found.

We of course express no opinion as to the sufficiency of the evidence to maintain the complete and perfect title claimed in the petition. That question is not before us on this appeal; for as the District Court had no authority to decide upon it, the decree must be reversed for want of jurisdiction, and the petition dismissed. But we shall dismiss it without prejudice to the legal rights of either party; leaving the petitioner at liberty to assert his rights in any court having comp:tent jurisdiction to decide upon the validity or invalidity of the complete and perfect title set up in his petition.

### Order.

'Inis cause came on to be heard on the transcript of the record from the District Court of the United States for the Eastern District of Louisiana, and was argued by counsel. On consideration whereof, it is now here ordered, adjudged, and decreed by this court, that the decree of the said District Court in this cause be, and the same is hereby, reversed, for the want of jurisdiction in that court, and that this cause be, and the same is hereby, remanded to the said District Court, with directions to that court to dismiss the petition without prejudice to the legal rights of either party.