# LAS ANIMAS LAND GRANT COMPANY *v.* UNITED STATES.

## APPEAL FROM THE COURT OF PRIVATE LAND CLAIMS.

No. 65. Argued November 13, 1900.—Decided December 3, 1900.

The fourth subdivision of section 13 of the act establishing the Court of Private Land Claims, which provides that "no claim shall be allowed for any land the right to which has hitherto been lawfully acted upon and decided by Congress or under its authority" applies to this case, and the claimant has no right to ask that court to pass upon its claim.

THE case is stated in the opinion of the court.

*Mr. William B. Vates* for appellant.

*Mr. Matthew G. Reynolds* for appellees.   *Mr. Solicitor General* was on his brief.

MR. JUSTICE PECKHAM delivered the opinion of the court.

The company has appealed from the judgment of the Court of Private Land Claims dismissing for lack of jurisdiction of the subject-matter its claim, and also the several claims in that court which had been consolidated with it in the case now before us.

On March 2, 1893, the appellant filed its petition in the court below in regard to the land grant in question. It therein claimed to be the owner, through mesne conveyances, of a land grant made by the governor of New Mexico, in 1843, to two residents of the then department of New Mexico, (which was a department of the Republic of Mexico,) named respectively Cornelio Vigil and Ceran St. Vrain. It was alleged that the grant had been, subsequently to the cession of the territory to the United States by the government of Mexico, surveyed by the United States surveyor general for the State of Colorado, and that it contained 3,640,465.21 acres. It was also alleged that pursuant to the eighth section of the act of Congress, approved July 22, 1854, c. 103, 10 Stat. 308, the then owners of the grant presented the same to the surveyor general of the Territory of New Mexico, who, pursuant to the provisions of the said act, took testimony as to the nature, character and extent and *bona fides* of the grant, and on September 17, 1857, rendered his decision in favor of the validity of the grant in its entirety, and transmitted his report to the Congress of the United States for its action in the premises. Subsequently Congress passed the act approved June 21, 1860, c. 167, 12 Stat. 71, the first section of which, in relation to claim No. 17, (the claim in question,) enacted that it should not be confirmed for more than eleven square leagues to each of the claimants, Cornelio Vigil and Ce-

ran St. Vrain. (This would amount to something in the neighborhood of one hundred thousand acres of land.)

The second section of the act provided for a survey of the claims of Vigil and St. Vrain, and directed that it should be made with reference to actual settlers holding possession under titles or promises to settle, which had heretofore been given by said Vigil and St. Vrain in the tracts claimed by them, and these settlers' tracts were to be deducted from the area embraced in the twenty-two square leagues, and the remainder was to be located in two equal tracts, each in square form, in any part of the tract claimed by said Vigil and St. Vrain, selected by them, and it was made the duty of the surveyor general of New Mexico to immediately proceed to make the surveys and locations in accordance with the terms of the section.

It also appeared by the petition that Congress passed a further act in relation to this claim, approved February 25, 1869, c. 47, 15 Stat. 275. That act gave directions for the survey of the claims of Vigil and St. Vrain, and then directed that before the act of June 21, 1860, *supra,* confirming the grant *pro tanto,* should become legally effective, the claimants or their legal representatives were to pay the cost of so much of the surveys as enured to their benefit respectively. The act further provided that upon the adjustment of the claims, according to its provisions, it was the duty of the surveyor general to furnish approved plats to said claimants or their legal representatives, and after the lines were run the surveyor general was to notify Vigil and St. Vrain, or their agents, of the fact of such survey being made, and those claimants were directed, within three months after notice of such survey, to select and locate their claims in accordance with the act, and also with the act of 1860, which was amended by the act of 1869, and in case they failed to make such selection and location they were to be deemed and held to have abandoned their claim.

Various other allegations were made in the petition, not now material.

The prayer was that the validity of the title to the grant to Vigil and St. Vrain and the right of the petitioner, as their grantee, by mesne conveyances, should be inquired into by the

court, and that the grant, with the exception of tracts heretofore confirmed and awarded under the provisions of the acts of Congress of June 21, 1860, and February 25, 1869, might be confirmed to the petitioner, or to the heirs and legal representatives of the said Vigil and St. Vrain, and if any of the lands had been sold that their value might be inquired into, and the petitioner recover the same in place of such lands as may have been disposed of by the Government.

An answer was filed on the part of the Government, which put in issue all the allegations of the petition as to the validity of the grant, and the answer alleged that the grant was wholly unauthorized and void.

Among other things the answer of the Government also referred to and set out the report of the Senate committee to the Senate in 1860, which explained the reason for the act of 1860. Reference was made in the report to the original petition for the grant and to the language contained therein, which asked only for a grant of a tract of land within the boundaries of the land described in the petition, and not for a grant of the whole land so described, and it was stated in the report that such language formed no justification for the grant of the whole land described in the petition; that such grant was the act alone of the justice of the peace, who was without jurisdiction, and the committee found no proof of the approval of his action by an officer superior to him, and as his power could not go beyond the execution of the governor's orders, the committee could not and did not concur in the recommendation of the surveyor general that the grant should be confirmed for the full extent claimed. The committee thought, however, that the parties were entitled to have their title confirmed to some extent, and to what extent involved the inquiry as to the true meaning of the words "a tract of land" as contained in the original petition, and the committee reported that as "under the Mexican colonization law of 1824 and the regulations of 1828, the extreme quantity allowed to be granted by the governor to any colonist was eleven square leagues; that in the absence of any other guide a restriction of the confirmation to the extent of eleven square leagues for each claimant would be the utmost they could fairly expect, and

would be not only a fair but a liberal compliance with the obligation imposed on the good faith of the United States under the terms of the treaty of Guadalupe Hidalgo." After this report to the Senate, the act of 1860, giving to each of the claimants a confirmation for eleven square leagues, was passed. The act of 1869 was also set up in the answer.

The case was thus at issue, when, after notice to the claimants, it was called for trial in the court below, the record shows that "no appearance was made by the plaintiffs and the court took the matter under advisement." On October 5, 1898, the record shows that "it appearing from the allegations of the several petitions herein that this court does not have jurisdiction of the subject-matter of the several actions, for the reason that the right to the land claimed in said suits has hitherto been lawfully acted upon and decided by Congress, it is ordered and decreed by the court that said causes be, and the same are hereby, dismissed." The land company has appealed from this judgment of dismissal to this court. The court decided the case upon a perusal of the petition, which showed the source of the grant and the action of Congress in relation to it, and held that it appeared therefrom the court had no jurisdiction.

The Court of Private Land Claims was specially organized by the act of Congress approved March 3, 1891, c. 539, 26 Stat. 854, for the purpose of hearing and determining claims of a particular character specially pointed out and described in the body of that act. It has no other jurisdiction than that granted by Congress, being confined entirely to claims of the character mentioned in the act.

The sixth section of the act describes generally the character of the claims submitted to the court for adjudication.

Section 13 of the act provides "that all the foregoing proceedings and rights shall be conducted and decided subject to the following provisions as well as to the other provisions of this act, namely : . . . Fourth. No claim shall be allowed for any land the right to which has hitherto been lawfully acted upon and decided by Congress or under its authority."

The history of the action of Congress in relation to this claim, as contained in the petition and in the answer, shows that, so

far as the rights of the claimant under the land grants are concerned, those rights had been lawfully acted upon and decided by Congress prior to the passage of the act of 1891. The action of Congress in the act of 1860, and as thereafter amended in 1869, was a final adjudication which granted eleven square leagues to each of the two claimants and rejected and refused to confirm the grant for any larger amount.

The claim in this case is thus brought directly within the fourth subdivision of section 13, above set forth, and it is perfectly clear that Congress did not give the Court of Private Land Claims jurisdiction to determine the rights of the parties in cases of this description.

Whatever the rights of the claimant may be, if any, to have its claim decided by a judicial tribunal, it certainly has no right to ask that the Court of Private Land Claims shall pass upon its claim when, by the very act which creates that court, it is prohibited from exercising jurisdiction in a case like the one before us.

The judgment of the court below was, therefore, right, and must be

*Affirmed.*