# UNITED STATES *v.* BACA.

APPEAL FROM THE COURT OF PRIVATE LAND CLAIMS.

No. 170. Argued January 31, 1902.—Decided February 24, 1902.

Under the act of Congress of March 3, 1891, c. 539, the Court of Private Land Claims has no jurisdiction· to confirm or reject, or to pass upon the merits of a claim to any land; the right to which has been lawfully acted upon and decided by Congress.

THIS was a petition to the Court of Private Land Claims by Margarito Baca for the confirmation to him, and to all other persons interested, of the title to a tract of land in Valencia · county in New Mexico, known as the San Jose del Encinal

tract, alleged to have been granted to Baltazar Baca and his two sons in 1768 by the Spanish Governor and Captain General of New Mexico.

The petition prayed the court to take and exercise jurisdiction of the petition; to hear and determine all questions relative to the tract, its extent, proper location and boundaries, and whether, when properly located, it would in any manner conflict with any neighboring property to which there was superior title; to take cognizance of all other matters connected therewith fit and proper to be heard and determined; and by final decree to settle and determine the questions of the proper location of the tract, the validity of the title, and the boundaries thereof; to finally determine and forever set at rest all other questions properly arising between the petitioner and his coöwners and the United States; to confirm the title of the petitioner and his coöwners to them in fee simple; and for further relief.

The United States, by an amended answer filed by leave of court, alleged, among other things, that the tract demanded lay wholly within the lands granted and confirmed by Congress to the town of Cebolleta, reported as number 30, and to the pueblo of Laguna, reported as number 46, by the acts of June 21, 1860, c. 167, 12 Stat. 71, and March 3, 1869, c. 152, 15 Stat. 454, respectively; and that, the right to this tract having been thus lawfully acted upon and decided by Congress, the Court of Private Land Claims had no jurisdiction to allow the claim of the petitioner.

The Court of Private Land Claims, upon hearing and consideration, suspended proceedings until after the decision of this court in *United States* v. *Conway*, 175 U. S. 60, and then entered the following decree:

"This cause having heretofore come on to be heard upon the pleadings and exhibits on file, and upon full and legal proofs introduced and taken in the cause, both written and oral, and upon the original and other documents regarding said claim from file number 104 in the office of the surveyor-general of the Territory of New Mexico and from other sources in said office; and the court having considered the same, and having

heard counsel for all of the parties to the cause, and being fully advised in the premises, and on due consideration thereof, doth make the following findings of fact and law, that is to say:

" 1. That in the year 1768, a valid and perfect title in fee simple to all of the land of the sitio de San Jose del Encinal, situated in what is now Valencia county, New Mexico, was by the proper officers of the Spanish Government, the then sovereign power of what is now the Territory of New Mexico, granted in equal shares unto Baltazar Baca and his two sons, and which said tract of land, situated in said county as aforesaid, was and is described as follows, that is to say : It is bounded on the east by a tableland ; thence it extends westward five thousand Castilian varas to a sharp-pointed black hill ; on the north it is bounded by the Cebolleta Mountain ; on the south it is bounded by some white bluffs, at whose base runs the Zuñi Road—all as the same is known and designated upon the maps, plats and surveys in file number 104 in the office of the surveyor-general of the Territory of New Mexico.

" 2. That such title so remained in said grantees and their successors from thence hitherto, and up to and including the time of the cession of the land now comprised in the Territory of New Mexico to the United States, and has so continued from thence to the present time.

" 3. That the said grantees and their successors have from the time of the making of said grant complied with all conditions necessary to the validity of the same.

" 4. That such title in such grantees and their successors to said tract of land was and is complete, valid and perfect, and so was at the date of the cession of the land now comprised in the Territory of New Mexico to the United States by the treaty of Guadalupe Hidalgo ; and the same was and is such a title as the United States is bound to recognize and confirm by virtue of said treaty and otherwise.

" 5. That the claimant, Margarito Baca, is a lineal descendant of the said Baltazar Baca, one of the original grantees.

" 6. But the court further finds, as a matter of fact, that the land comprised within the tract aforesaid is included within the outboundaries of the town of Cebolleta grant, reported num-

ber 46, and the Paguate purchase tract, reported number 30; the said Cebolleta grant having been confirmed to the claimants thereof by an act of Congress approved March 3, 1869, and thereupon duly patented to said claimants by the proper authorities of the United States; and the said Paguate purchase tract having been confirmed to the Indians of the pueblo of Laguna by an act of Congress, approved June 21, 1860, and thereupon patented to said pueblo by the proper authorities of the United States.

"7. Wherefore it is considered and adjudged by the court that a complete, valid and perfect title in and to the tract of land above described was and is vested in the said Baltazar Baca and his two sons and their successors in interest; but that, notwithstanding such fact, this court is without jurisdiction, because of the patents for the said land so as aforesaid issued by the United States, to decree and confirm the same unto them, or to order a survey thereof for such purpose, and for such reason no other or different relief than the pronouncing upon the character of the claimant's title as aforesaid is or will be granted by this court, and it is so ordered."

The United States appealed to this court.

*Mr. Matthew G. Reynolds* for the United States.

*Mr. B. S. Rodey* for Baca.

MR. JUSTICE GRAY, after stating the case as above, delivered the opinion of the court.

The duty of securing private rights in lands within the territory ceded by Mexico to the United States by the treaties of 1848 and 1853, (whether complete and absolute titles, or merely equitable interests needing some further act of the Government to perfect the legal title,) and of fulfilling the obligations imposed upon the United States by the treaties, belonged to the political department of the Government; and might either be discharged by Congress itself, or be delegated by Congress to a strictly judicial tribunal or to a board of commissioners.

*Ainsa* v. *New Mexico & Arizona Railroad,* 175 U. S. 76, 79, and cases there cited.

The record in this case show that the land demanded under a grant from the Spanish authorities in 1768 had been included in grants confirmed by acts of Congress in 1860 and 1869, and in patents issued accordingly by the proper authorities of the United States; and that the Court of Private Land Claims for that reason held that it was without jurisdiction to decree and confirm the land to the petitioners, or to order a survey thereof for that purpose; and yet undertook to adjudge that a complete, valid and perfect title in fee simple had vested by the Spanish grant in the grantees, and remained in them and their successors to the present time.

This action of the Court of Private Land Claims is sought to be justified by the following provisions of the act of Congress of March 3, 1891, c. 539, creating that court.   26 Stat. 854.

By section 1, "said court shall have and exercise jurisdiction in the hearing and decision of private land claims, according to the provisions of this act."

By section 6, any person or corporation claiming lands within the limits of the territory acquired by the United States from the Republic of Mexico, and since within the territories of New Mexico, Arizona or Utah, or the States of Nevada, Colorado or Wyoming, by virtue of such a Spanish or Mexican grant as the United States are bound by the treaties of cession to recognize and confirm, "which at the date of the passage of this act have not been confirmed by act of Congress, or otherwise finally decided upon by lawful authority, and which are not already complete and perfect," to present a petition stating his case and praying that the validity of the title or claim may be inquired into and decided.   "And the said court is hereby authorized and required to take and exercise jurisdiction of all cases or claims presented by petition in conformity with the provisions of this act, and to hear and determine the same, as in this act provided, on the petition and proofs in case no answer or answers be filed after due notice, or on the petition and the answer or answers of any person or persons interested in preventing any claim from being established, and the answer of

the attorney for the United States where he may have filed an answer, and such testimony and proofs as may be taken;" and to "render a final decree according to the provisions of this act."

By section 7, "the said court shall have full power and authority to hear and determine all questions arising in cases before it, relative to the title to the land the subject of such case, the extent, location and boundaries thereof, and other matters connected therewith fit and proper to be heard and determined, and by a final decree to settle and determine the question of the validity of the title and the boundaries of the grant or claim presented for adjudication, according to the law of nations," the stipulations of the treaties of 1848 and 1853, "and the laws and ordinances of the government from which it is alleged to have been derived, and all other questions properly arising between the claimants or other parties in the case and the United States, which decree shall in all cases refer to the treaty, law or ordinance under which such claim is confirmed or rejected."

By section 8, "any person or corporation claiming lands in any of the States or Territories mentioned in this act under a title derived from the Spanish or Mexican government that was complete and perfect at the date when the United States acquired sovereignty therein, shall have the right (but shall not be bound) to apply to said court in the manner in this act provided for other cases for a confirmation of such title; and on such application said court shall proceed to hear, try and determine the validity of the same and the right of the claimant thereto, its extent, location and boundaries, in the same manner and with the same powers as in other cases in this act mentioned. If in any such case a title so claimed to be perfect shall be established and confirmed, such confirmation shall be for so much land only as such perfect title shall be found to cover, always excepting any part of such land that shall have been disposed of by the United States, and always subject to and not to affect any conflicting private interests, rights or claims held or claimed adversely to any such claim or title, or adversely to the holder of any such claim or title. And no confirmation of claims or titles in this section mentioned shall have any effect

other or further than as a release of all claim of title by the United States; and no private right of any person as between himself and other claimants or persons, in respect of any such lands, shall be in any manner affected thereby."

But all the powers so conferred upon the Court of Private Land Claims are subject to and controlled by section 13, which enacts that "all the foregoing proceedings and rights shall be conducted and decided subject to the following provisions, as well as to the other provisions of this act, namely." Then follow several provisions, the fourth of which is: "No claim shall be allowed for any land, the right to which has hitherto been lawfully acted upon and decided by Congress, or under its authority."

The language of this provision appears to us too clear to be misunderstood or evaded. The manifest intent of Congress appears to have been that with any land, of the right to which Congress, in the exercise of its lawful discretion, had itself assumed the decision, the Court of Private Land Claims should have nothing to do. The whole jurisdiction conferred upon that court is to confirm or reject claims presented to it, coming within the act. All the powers conferred upon it are incident to the exercise of that jurisdiction. When it has no jurisdiction to confirm or reject, it has no authority to inquire into or pass upon the case, beyond the decision of the question of jurisdiction. The peremptory declaration of Congress, that "no claim shall be allowed for any land, the right to which has hitherto been lawfully acted upon and decided by Congress," necessarily prohibits the court from passing upon the merits of any such claim.

In *United States* v. *Conway*, 175 U. S. 60, it was accordingly declared by this court that the Court of Private Land Claims had no authority to confirm such a claim; and it necessarily follows that it has no authority to express any opinion upon the merits of it, when the right to all the land claimed has already been decided by Congress. *Las Animas Co.* v. *United States*, 179 U. S. 201. Confusion, rather than certainty, would result from allowing the expression of an opinion to stand, which could not be made the basis of any effectual judgment.

The Court of Private Land Claims having discovered that by the express prohibition of Congress it was without jurisdiction to decree and confirm the land to the petitioner, the merits of the case cannot be decided, either by that court, or by this court on appeal; and the decree below, which undertook to pass upon the merits, must therefore be reversed, and the case remanded with directions to dismiss the petition for want of jurisdiction, without prejudice to the right of the petitioner to assert his title in any court of competent authority. *United States* v. *Roselius*, 15 How. 36, 38.

*Decree reversed accordingly.*